**YANG LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–0151–ag.**

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

Petitioner pro se.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Terri J. Scadron, Assistant Director; Siu P. Wong, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yang Lin, a citizen of the People's Republic of China, seeks review

of a December 12, 2007 order of the BIA affirming the April 13, 2006 decision of Immigration Judge ("IJ") Thomas J. Mulligan denying Lin's application for asylum and withholding of removal. *In re Yang Lin,* No. A 98 560 565 (B.I.A. Dec. 12, 2007), *aff'g* No. 98 560 565 (Immig. Ct. N.Y. City, April 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Passi v. Mukasey,* 535 F.3d 98, 100–01 (2d Cir.2008).

We find that the IJ's adverse credibility determination was supported by substantial evidence. The IJ properly based his adverse credibility determination on his findings that: (1) Lin's testimony that he practiced Falun Gong in China was inconsistent with his statement at his credible fear interview that only his mother practiced; (2) his testimony that he feared persecution as a Falun Gong practitioner was inconsistent with his statement at his airport interview that he came to the United States to work;[1] (3) his testimony that he lost his original identity card in China

and received a replacement after arriving in the United States was inconsistent with the fact that he submitted an identity card upon arrival to this country; and (4) his testimony that he never had any Falun Gong books or cassettes in his apartment contradicted the affidavit and testimony of his witness. In this post-REAL ID case, the IJ properly relied on these findings where they indicate that Lin was not credible under the "totality of the circumstances." INA § 208(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 166–67 (2d Cir.2008). Further, although Lin was given the opportunity to explain the inconsistencies present in his claim, the IJ reasonably rejected his explanations. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). In addition, we defer to the IJ's assessment of Lin's demeanor during his testimony, which he described as "simply terrible." *See id.*

Accordingly, the agency's adverse credibility determination is supported by substantial evidence. *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004). Because the only evidence of a threat to Lin's life or freedom depended on his credibility, the adverse credibility finding is fatal to both his asylum and withholding of removal claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

---

1. The record of both Lin's credible fear and airport interviews provide a "sufficiently accurate record" of his statements to merit consideration in determining whether he is credible. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004); *see also Maladho Djehe Diallo v. Gonzales,* 445 F.3d 624, 631–33 (2d Cir.2006).

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).